UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 20-CR-20233 |
| Plaintiff, | HON. BERNARD A. FRIEDMAN |
| v. | |
| D-1   JOHN HENRY RANKIN, III, | |
| Defendant. | |
| _____/ | |

### MOTION FOR ARREST WARRANT
### AND BOND REVOCATION HEARING

Pursuant to the Bail Reform Act of 1984, the United States of America hereby moves for the issuance of a warrant for the arrest of Defendant John Henry Rankin, III and respectfully request the Court conduct of a hearing to determine whether defendant's pretrial release should be revoked. In support thereof, the government states as follows:

1.   On June 10, 2020, Rankin was charged in a 44 count Indictment with one count of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances (Count 1) and 36 counts of Unlawful Distribution of Controlled Substances (Counts 2-37), in violation of 21 U.S.C. §§ 841(a)(1), 846. ECF No. 1.  On June 11, 2020, he was arraigned on those charges and released on bond pending trial.  ECF No. 29.  Included in his conditions of pretrial releases

1

were (i) Rankin must not violate federal, state or local law while on release; (ii) Rankin's travel is restricted to the State of Michigan unless he has consent of the pretrial services office, supervising officer or the Court to leave the state; and (iii) Rankin is to avoid all contact, directly or indirectly, with any of his co-defendants unless for attorney or court purposes. *Id*.

2. On August 17, 2021, Rankin left the State of Michigan and travelled to Phoenix, Arizona without the permission of pretrial services or this Court.[1] He returned to Michigan on August 20, 2021. On August 19, 2021, while Rankin was in Phoenix, a suspicious package containing methadone and pressed fentanyl pills was shipped to an address in Romulus, Michigan. The government intercepted that package and obtained a search warrant to be executed upon delivery of the package. On August 26, 2021, the search warrant was executed; and upon execution, federal agents found Rankin fleeing the package delivery location, along with co-defendant Robert Dower Jr.

3. When a defendant violates a condition of pretrial release, the Bail Reform Act of 1984 authorizes the Court to issue an arrest warrant, revoke the order of pretrial release, and issue an order of pretrial detention. *See* 18 U.S.C. § 3148(b).

---

[1] Rankin also travelled outside the State of Michigan to Phoenix, AZ (March 19, 2021-March 23, 2021).

WHEREFORE, the government requests this Court to issue a warrant for the arrest of John Henry Rankin, III and conduct a hearing to determine whether his pretrial release should be revoked in favor of an order of pretrial detention.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

s/BRANDY R. MCMILLION
Brandy R. McMillion
Mitra Jafary-Hariri
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9662
Email: brandy.mcmillion@usdoj.gov
Email: mitra.jafary-hariri@usdoj.gov

Dated: September 27, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 20-CR-20233 |
| Plaintiff, | HON. BERNARD A. FRIEDMAN |
| v. | |
| D-1   JOHN HENRY RANKIN, III, | |
| Defendant. | |
| _____/ | |

**BRIEF IN SUPPORT OF MOTION FOR
ARREST WARRANT AND BOND REVOCATION HEARING**

The United States, by and through undersigned counsel, pursuant to 18 U.S.C. § 3148(b), respectfully requests that this Court revoke Defendant John Henry Rankin, III's bond and issue an immediate warrant for his arrest. Mr. Rankin has violated his conditions of release and engaged in criminal activity that establishes he is a danger to the community and there is no combination of conditions (other than detention) that can reasonably assure the safety of the community.

**I.     BACKGROUND**

Defendant is charged in a 44 count Indictment with one count of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances (Count 1) and 36 counts of Unlawful Distribution of Controlled Substances (Counts 2-37), in violation of 21 U.S.C. §§ 841(a)(1), 846. Because these charges

4

are violations of the Controlled Substances Act and carrying a maximum penalty of 20 years for each count, there is a presumption that Rankin should be detained pending trial. 18 U.S.C. § 3142(e)(3). However, on June 11, 2020, Rankin was released on bond pending trial with conditions that originally were believed to assure his appearance and ensure the safety of the community. *See* ECF No. 29. Included in those conditions were: (i) Rankin not violate any federal, state or local law while on release; (ii) Rankin's travel is restricted to the State of Michigan unless he has consent of the pretrial services office, supervising officer or the Court to leave the state; and (iii) Rankin is to avoid all contact, directly or indirectly, with any of his co-defendants unless for attorney or court purposes.

## II.   LEGAL FRAMEWORK

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, 3156(a), provides in pertinent part:

> **§ 3148. Sanctions for violation of a release condition**
>
> **(a)  Available sanctions**.—A person who has been released under section 3142 of this title [pretrial release], and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>
> **(b)  Revocation of release**.—The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not

commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention, if, after a hearing, the judicial officer—

>  (1) finds that there is—
>
>> (A)   probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B)   clear and convincing evidence that the person has violated any other condition of release; and
>
>  (2) finds that—
>
>> (A)   based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B)   the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

>  **(c) Prosecution for contempt**.—The judicial officer may commence a prosecution for contempt, under section 401 of this title, if the person has violated a condition of release.

18 U.S.C. § 3148.

### III.   DEFENDANT'S BOND VIOLATIONS

On August 17, 2021, Rankin left the State of Michigan and travelled to Phoenix, Arizona without the permission of Pretrial Services or this Court.[2] He returned to Michigan on August 20, 2021. On August 19, 2021, while Rankin was in the Phoenix area and out of the State of Michigan, a suspicious package was shipped to an address in Romulus, Michigan from Phoenix. The government intercepted that package – a Home Depot cardboard box affixed with a USPS Priority Mail Express label, weighing 47 pounds and displaying postage costs of $317.15. Upon further investigation, a certified and trained narcotics detection canine returned a positive alert on the box for the presence of the scent of controlled substances. It was later determined that the package contained 20 pounds of methamphetamine and one kilogram of fentanyl pressed pills.

During the investigation, the United States Postal Inspection Service confirmed that at one or more individuals were actively checking the delivery status of the Phoenix to Romulus package through a confirmation number that is provided to the person who delivers and pays for the package to be sent. Inquiry of the status of delivery of a parcel can be accomplished through the use of a cellular telephone connected to the internet or a hard-wired, standalone computer with

---

[2] Airline records reflect that Rankin has travelled outside the State of Michigan to Phoenix, AZ (March 19, 2021-March 23, 2021).

intent access. Postal Inspectors also later determined that two telephone numbers connected to known associates of Rankin were being used to check on the delivery status of the package. An e-mail username id of "rankinjohn15" that had previously been provided to an internet provider for one of the accounts being used to track the package was also identified. Neither Rankin nor his two known associates were listed as the sender or recipient on the package label, yet the monitoring of the delivery status was connected to them.

Agents obtained a search warrant to be executed at the time the package was delivered. On August 26, 2021, the package was delivered, outfitted with certain technology that both tracked the package and alerted agents when it was opened. The package was moved from the original delivery address in Romulus to a residence in Detroit. At the same time agents were notified that the package was opened, they observed four individuals flee the Detroit residence that the package had been taken to, including Rankin, along with co-defendant Robert Dower, Jr. At that time, Rankin was also found with nine different cellular devices in his possession. Agents confirmed that one of these cellular devices was used in the purchase of the flights to Phoenix, AZ.

## IV.   ARGUMENT

This Court should revoke Rankin's order of pretrial release (ECF No. 29) and detain him pending trial in this matter. There is certainly probable cause to

8

believe that Rankin has engaged in new criminal conduct. It is more than mere coincidence that (i) he was at both the "to" and "from" locations of a narcotic package delivery; (ii) the username associated with tracking the package for delivery included his last name and first initial; (iii) he was apprehended fleeing the scene immediately following the opening of the narcotics package; and (iv) he was in possession of nine cellular devices when apprehended. There is also clear and convincing evidence that (i) he travelled outside the State of Michigan without the permission of Pretrial Services or this Court; and (ii) he was in contact with co-defendant Robert Dower Jr, for other than attorney or court purposes.

 Based on the presumption in this case, the Court should find that bond is insufficient to ensure the safety of the community. *See* 18 U.S.C. § 3148(b). Rankin cannot set forth any facts to overcome that presumption. Additionally, an analysis of the § 3142(g) factors also supports detention. Rankin is indicted on charges involving very serious and dangerous narcotics offenses. He has a prior criminal history that involves distribution of controlled substances. And his current conduct shows that he cannot be trusted to follow the orders of the Court. He is continually engaged in nefarious drug activity that most certainly endangers the community.

## V. CONCLUSION

Rankin has violated his conditions of release and is engaged in conduct that clearly endangers the community. As this is a presumption case which favors detention, the Court should issue an immediate arrest warrant and Defendant's bond should be revoked.

        Respectfully submitted,

        SAIMA S. MOHSIN
        Acting United States Attorney

        s/BRANDY R. MCMILLION
        Brandy R. McMillion
        Mitra Jafary-Hariri
        Assistant United States Attorneys
        211 W. Fort St., Ste. 2001
        Detroit, Michigan 48226
        Phone: (313) 226-9662
        Email: brandy.mcmillion@usdoj.gov
        Email: mitra.jafary-hariri@usdoj.gov

Dated: September 27, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,         CRIMINAL NO. 20-CR-20233

       Plaintiff,                          HON. BERNARD A. FRIEDMAN

v.

D-1   JOHN HENRY RANKIN, III

       Defendant.
_____/

## ORDER

This matter coming before the Court on the government's motion, it is hereby ordered pursuant to 18 U.S.C. § 3148(b) that a warrant for the arrest of John Henry Rankin, III be issued and that defendant be brought before the Court on **Tuesday, October 12, 2021 at 12:30** pm to determine whether the order of pretrial release in this case should be revoked in favor of an order of pretrial detention. The defendant shall be temporarily detained until such time that the Court holds the bond revocation hearing.

Dated:  October 12, 2021
       Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge